IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| EDEN FOODS, INC. <br> (a Michigan corporation), | ) <br> ) <br> ) | |
| Plaintiff | ) <br> ) | Civil Action No. 7:20-cv-1584 |
| vs. | ) <br> ) | U.S. District Court Judge _____ |
| EDEN LIFE, LLC, d/b/a/ EDEN LIFE MARKET <br> (a New York limited liability company | ) <br> ) <br> ) <br> ) <br> ) <br> ) | U.S. Magistrate Judge _____ |
| Defendant | ) | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, AND TRADE NAME INFRINGEMENT**

1. This complaint asserts claims for trademark infringement, unfair competition, and trade name infringement, arising under the Federal Trademark Act, 60 Stat. 427, 15 U.S.C. § 1051 *et seq.*, and the common law and statutes of the State of New York. The matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000).

2. This Court has jurisdiction of the subject matter and the parties under § 39 of the Federal Trademark Act, 15 U.S.C. § 1121, and the Judicial Code, 28 U.S.C. §§ 1331, 1332, 1338 and 1367.

3. Eden Foods, Inc. ("Plaintiff") is a corporation organized under the laws of the State of Michigan, having its principal place of business at 701 Tecumseh Road, Clinton, Michigan 49236.

4. On information and belief, Defendant Eden Life, LLC d/b/a Eden Life Market ("Defendant") is a New York limited liability company, having its principal place of business at 5 Maggiacomo Lane, Pleasant Valley, New York 12569.

5. Venue in this Judicial District is proper under 28 U.S.C. § 1391.

COUNT I - TRADEMARK INFRINGEMENT

6. As a cause of action and ground for relief, Plaintiff alleges that Defendant is engaged in acts of trademark infringement under § 32(1) of the Federal Trademark Act, 15 U.S.C. § 1114(1), and at common law, and incorporates by reference ¶¶ (1) through 5 of the complaint as a part of this count.

7. Long prior to the acts complained of herein, Plaintiff commenced use of the inherently distinctive word EDEN, alone and in combination with other words and/or a distinctive Fern Design, as a trademark in the United States for a wide variety of food products, including natural and organic foods and beverages, and Plaintiff has continuously used said mark on or in connection with such goods, and in the advertising and sale thereof, in interstate commerce since as early as 1967.

8. Plaintiff's EDEN food and beverage products are sold throughout the United States through a variety of retail outlets including, but not limited to, national and regional supermarket chains, local grocery stores, food cooperatives, health food stores, convenience stores and department stores. Plaintiff's EDEN products are also available through mail order outlets and via the Internet through Plaintiff's website accessible at <edenfoods.com> and other online retailers.

9. Plaintiff is a natural food company that holds sustainability as one of its founding principles. A large percentage of Plaintiff's EDEN food and beverage products are certified as Kosher and display the Circle K certification mark.

10. Plaintiff extensively advertises and promotes its EDEN food and beverage products through a variety of means including printed publications, distribution of printed promotional materials and via the Internet. Eden Foods' annual expenditures for advertising and marketing activities are in the millions of dollars. Plaintiff's EDEN food and beverage products also are the subject of a large amount of gratuitous, positive publicity.

11. Plaintiff's annual retail sales of EDEN food and beverage products in the United States consistently exceed One Hundred Million Dollars ($100,000,000) for a number of years, and Plaintiff has spent substantial sums in advertising such products.

12. As a result of Plaintiff's extensive and substantial advertising and sales of food and beverage products under the trademark EDEN and the maintenance of premium quality standards relating thereto, said mark is well and favorably known to the general public throughout the United States as a distinctive indication of origin and had become a famous mark long prior to Defendant's first use of the trademark EDEN LIFE, which is the subject of this civil action.

13. Plaintiff duly registered EDEN as a trademark for the following food and beverage products in the United States Patent and Trademark Office ("USPTO") under Registration No. 1,452,337, which issued August 11, 1987, and has been duly renewed and now covers the following products:

- Pickled plums; processed and unprocessed dried fruits; processed nuts; processed seeds; vegetable oils; namely, olive oil, safflower oil, sesame oil; and snack foods consisting of processed nuts, processed seeds and dried fruits.

3

- Processed grains, namely, wheat flour, buckwheat flour, millet flour, rice flour, rye flour; pasta, namely, wheat noodles, wheat and spinach noodles, wheat and buckwheat noodles; soy sauce; barley malt syrup for table use; vinegar; mustard; tomato based spaghetti sauce; sea salt for table use; beverage consisting of tea and herbs.

- Unprocessed beans, namely, aduki, black turtle beans, kidney beans, great northern beans, green lentils, navy beans, pinto beans, soy beans; unprocessed peas, namely, chickpeas; unprocessed nuts; unprocessed edible seeds; unprocessed grains, namely barley, rice, wheat, buckwheat and millet; unprocessed corn and unpopped popcorn; and unprocessed sea vegetables, namely sea weed.

14. Plaintiff duly registered EDEN as a trademark in the USPTO under Registration No. 1,862,634, which issued November 15, 1994, and has been duly renewed and covers the following products:

- Vegetable oils, crushed tomatoes, sauerkraut, and processed can beans.

- Pasta; pizza sauce; teas; crackers; chips; misos; and condiments; namely, mustard, sea salt, processed sesame seeds, garlic pastes, furikake, pickled beefsteak leaf powder, bonito flakes, pickled ginger, tekka, wasabi powder, tamari, and shoyu.

- Unprocessed grains; namely, barley, wheat, and quinoa.

15. Plaintiff duly registered EDEN as a trademark in the USPTO under Registration No. 2,229,053, which issued March 2, 1999, and has been duly renewed and covers fruit butter, fruit sauce and fruit juice.

16. Plaintiff duly registered EDEN ORGANIC & Fern Design as a trademark for the following food and beverage products in the USPTO under Registration No. 2,272,652, which issued August 24, 1999, and has been duly renewed and now covers the following products:

- Vegetable oils; processed vegetables; processed nuts; processed edible seeds; processed mixture consisting of any combination of fruits, nuts and seeds; and dried fruits.

- Rice; pasta and noodles; breakfast cereals; syrup for table use; mustard; vinegar; sauces, namely, pizza and spaghetti sauces, soy sauce; processed grains; and seasonings, namely, processed sesame seeds.

4

17.     Plaintiff duly registered EDEN as a trademark in the USPTO under Registration No. 2,977,773, which issued July 26, 2005 and covers processed popcorn for popping, and has been duly renewed.

18.     Plaintiff duly registered EDEN FOODS as a trademark in the USPTO under Registration No. 3,071,337, which issued March 21, 2006 and now covers the following products:

- Vegetable oils; processed vegetables; soybean based food beverages; soybean based misos; nut and fruit butters; processed nuts; processed edible seeds; processed mixture consisting of any combination of fruits, nuts and seeds; and vegetable chips and dried fruits.

- Tea; sugar; rice; pasta and noodles; flour; breakfast cereals; honey; syrup for table use; candy; salt; mustard; vinegar; sauces, namely, pizza and spaghetti sauces, soy sauce; processed grains; rice and grain based food beverages; herbal food beverages; seasonings, namely, processed sesame seeds, garlic pastes, furikake, pickled beefsteak leaf powder, bonito flakes, pickled ginger, tekka, wasabi powder; crackers; brown rice chips; and granola.

19.     Plaintiff duly registered EDEN as a trademark in the USPTO under Registration No. 3,102,575, which issued June 13, 2006 and covers dried cherries, and has been duly renewed.

20.     Plaintiff duly registered EDEN as a trademark in the USPTO under Registration No. 4,065,063, which issued on December 6, 2011, and covers providing recipes and information in the field of cooking and food preparation, and providing information in the field of health, nutrition, diet, beauty and organic farming techniques.

21.     Plaintiff duly registered EDENEWS as a trademark in the USPTO under Registration No. 4,171,490, which issued on July 10, 2012, and covers downloadable electronic newsletters in the field of food and food-related topics, nutrition, health and diet, farming and agricultural and environmental issues.

5

22. Plaintiff duly registered EDEN as a trademark in the USPTO under Registration No. 4,264,570, which issued on December 25, 2012, and covers retail and on-line stores featuring food and beverage products.

23. Plaintiff duly registered EDEN as a trademark in the USPTO under Registration No. 4,272,393, which issued on January 8, 2013, and covers the following products:

- processed beans; processed fruits; processed tomatoes and crackers; entrees and side dishes consisting primarily of rice and beans.

24. Plaintiff duly registered EDEN as a trademark in the USPTO under Registration No. 4,431,041, which issued on November 12, 2013, and covers the following products:

- EDEN for tooth powder; dietary food supplements and nutritional supplement concentrates; sushi mats; processed vegetables; chili; processed mushrooms; raisins; tofu; vegetable based food beverages; prepared entrees consisting primarily of beans with rice and other side dishes; Umeboshi plum paste; grain based food beverages; natural food sweeteners; arrowroot for use as a food thickener; rice; Ponzu sauce; prepared entrees consisting primarily of rice with beans and other side dishes; edible spices; concentrates for making non-alcoholic beverages; and cooking wine.

25. Registration Nos. 1,452,337, 1,862,634, 2,229,053, 2,272,652, 2,977,773, 3,071,337, 3,102,575, 4,065,063, 4,171,490, 4,264,570, 4,272,393, and 4,431,041 are *prima facie* evidence of the validity and exclusive right to use of the mark EDEN, alone and in combination with other words and/or designs, and are constructive notice of ownership thereof, all as provided by §§ 7(b) and 22 of the Federal Trademark Act, 15 U.S.C. §§ 1057(b) and 1072. As the right to use the mark EDEN, alone and in combination with other word and designs, has become incontestable, Registration Nos. 1,452,337, 1,862,634, 2,229,053, 2,272,652, 2,977,773, 3,071,337, 3,102,575, 4,065,063, 4,171,490, 4,264,570, 4,272,393, and 4,431,041 are conclusive evidence of Plaintiff's exclusive right to use the marks shown therein in commerce as provided by §§ 15 and 33(b) of the Federal Trademark Act, 15 U.S.C. §§ 1065 and 1115(b). True copies

of Registration Nos. 1,452,337, 1,862,634, 2,229,053, 2,272,652, 2,977,773, 3,071,337, 3,102,575, 4,065,063, 4,171,490, 4,264,570, 4,272,393, and 4,431,041 are attached hereto as Exhibit A and made a part hereof.

26. Notwithstanding Plaintiff's well-known and prior established rights in the mark EDEN in various forms for food and beverage products, Defendant has engaged in the distribution, offering for sale, and sale of food products, including but not limited to tahini and almond, cashew, pumpkin seed, and sunflower butter, using the mark shown below in interstate commerce and the State of New York:



27. Defendant has also engaged in both online and retail sales of food and beverage products, including but not limited to butters, fruit spreads, cereals, juices, candies, crackers, flours, seasonings, milks, oils, vinegars, sweeteners, pastas, canned goods, and condiments, using the mark shown below in interstate commerce and the State of New York:



28. On information and belief, Defendant has not registered the trademark EDEN LIFE with the United States Patent & Trademark Office.

29. Defendant is using the EDEN mark in conjunction with food product categories specifically cited in Plaintiff's trademark registrations, including without limitation, "nut and

fruit butters", "unprocessed nuts", "processed nuts", "processed seeds" and "unprocessed edible seeds."

30. Defendant is also using the EDEN mark in conjunction with services specifically cited in Plaintiff's trademark registrations, including without limitation, "retail and on-line store featuring food and beverage products."

31. Defendant uses the EDEN mark as part of its company name and in its website name http://www.edenlifemarket.com/.  The aforementioned website displays the EDEN mark in numerous places, including as set forth in Paragraph 27 above.  Plaintiff's food products are labeled with the logo and language set forth in Paragraph 26 above.

32. Defendant also sells products on its website http://www.edenlifemarket.com/ that are distributed by Eden Foods and are sold under the registered EDEN mark.

33. Defendant has used the trademark EDEN LIFE in conjunction with social media pages on Facebook and Instagram.  Plaintiff filed takedown notices with Facebook and Instagram, pursuant to the intellectual property rules and procedures of those companies, and the EDEN LIFE social media pages were taken down.  Defendant willfully and immediately reestablished its Facebook social media page using the EDEN LIFE mark, forcing Defendant to file a new takedown notice with Facebook, and the infringing page was taken down.

34. On information and belief, Defendant offers shipping of its products outside of New York and throughout the United States.

35. Defendant's use of the trademark EDEN LIFE in the manner hereinabove alleged is likely to cause the public to believe, contrary to fact, that Defendant's food products, as well as retail and online store services, are in some way sponsored or approved by, or otherwise affiliated or connected with, Plaintiff.  Defendant's use of the trademark EDEN LIFE

8

accordingly infringes Plaintiff's rights in the mark EDEN, alone and in combination with other words and designs, under § 32(1) of the Federal Trademark Act, 15 U.S.C. § 1114(1), and at common law.

36. Plaintiff, through counsel, sent a cease and desist letter to Defendant on December 13, 2019, via overnight courier and delivery was confirmed. No response was received from Defendant by Plaintiff's counsel.

37. On information and belief, Defendant continues to operate a brick and mortar store using the EDEN LIFE mark. As of the date of the filing of this complaint, the website cited in Paragraph 31 and associated online store remain active.

38. Defendant's refusal to cease using the name immediately after receiving demand letters and takedown notices, and in the face of actual knowledge of Eden Foods' trademark rights, makes Defendant a willful infringer.

39. Unless enjoined by this Court, Defendant will continue to infringe Plaintiff's trademark EDEN in various forms, thereby deceiving the public and causing Plaintiff immediate and irreparable injury for which it has no adequate remedy at law.

COUNT II - UNFAIR COMPETITION

40. As a cause of action and ground for relief, Plaintiff alleges that Defendant is engaged in acts of unfair competition under § 43(a)(1) of the Federal Trademark Act, 15 U.S.C. § 1125(a)(1), and at common law, and incorporates by reference ¶¶ (1) through 39 of the complaint as a part of this count.

41. Defendant's use of the trademark EDEN LIFE in connection with its food products and online and retail services in the manner hereinabove alleged constitutes a false

designation of origin within the meaning of § 43(a)(1) of the Federal Trademark Act, 15 U.S.C. § 1125(a)(1).

42. The nature and probable tendency and effect of Defendant's use of the trademark EDEN LIFE in the manner hereinabove alleged is to enable Defendant to confuse or deceive the public and others by misrepresenting that Defendant's food products are in some way sponsored or approved by Plaintiff and/or that Defendant are affiliated with Plaintiff and therefore constitutes unfair competition at common law.

43. Unless enjoined by this Court, Defendant will continue said acts of unfair competition, thereby causing Plaintiff immediate and irreparable injury for which it has no adequate remedy at law.

## COUNT III - TRADE NAME INFRINGEMENT

44. As a cause of action and ground for relief, Plaintiff alleges that Defendant is engaged in trade name infringement at common law and incorporates by reference, ¶¶ 1 through 43 of the complaint as part of this count.

45. Plaintiff has continuously used EDEN FOODS as a trade name in connection with food and beverage products since at least as early as 1967, long prior to the acts of the Defendant complained of herein.

46. As a result of the substantial and extensive advertising and sales of food and beverage products under the trade name EDEN FOODS and Plaintiff's maintenance of premium quality standards relating thereto, said trade name has become famous and is well and favorably known as a famous and distinctive indication of origin of the food and beverage products sold by Plaintiff and as a symbol of the highest quality products.

47. Defendant's use of the trademark EDEN LIFE in the manner hereinabove alleged is likely to cause the public to believe, contrary to fact, that Defendant and their products sold under said trademark are in some way sponsored or approved by, or are otherwise affiliated or connected with, Plaintiff and thus infringes the trade name EDEN FOODS at common law.

48. Unless enjoined by this Court, Defendant will continue to infringe the trade name EDEN FOODS, thereby deceiving the public and causing Plaintiff immediate and irreparable damage for which it has no adequate remedy at law.

WHEREFORE, Plaintiff respectfully prays that:

(1) The Court enter judgment that Defendant has infringed the trademark EDEN, alone and in combination with other words and/or designs, under § 32(1) of the Federal Trademark Act, 15 U.S.C. § 1114(1), and at common law; has engaged in acts of unfair competition in violation of § 43(a)(1) of the Federal Trademark Act, 15 U.S.C. § 1125(a)(1), and the common law; has infringed the trade name EDEN FOODS at common law; and has otherwise injured Plaintiff's business reputation by using the trademark EDEN LIFE in the manner complained of herein.

(2) Defendant and each of their respective agents, employees, servants, attorneys, successors, and assigns, and all others in privity or acting in concert therewith, be preliminarily and permanently enjoined from:

(a) Using the trademark EDEN LIFE and/or any other trademark, service mark, corporate name, domain name or other commercial indication of origin that consists of or incorporates the mark EDEN or any other trademark, service mark, trade name, corporate name, domain name and/or other commercial indication of origin that is confusingly similar to EDEN;

11

(b) Competing unfairly with Plaintiff or otherwise injuring Plaintiff's business reputation in the manner complained of herein;

(c) Otherwise infringing the trademark EDEN and the trade name EDEN FOODS; and

(d) Filing any application in the U.S. Patent and Trademark Office to register any trademark or service which includes the word EDEN or any other word confusingly similar thereto.

(3) Pursuant to § 36 of the Federal Trademark Act, 15 U.S.C. § 1118, Defendant be directed to deliver up for destruction or other disposition by Plaintiff all advertisements, brochures, labels, packaging, signs, prints, decals, business cards, order forms, and all other materials in the possession, custody, or under the control of Defendant that bear or are labeled with the trademark EDEN LIFE, alone and in combination with other words.

(4) Defendant be required to transfer control of the www.edenlifemarket.com domain to Plaintiff.

(5) Defendant be required to pay to Plaintiff both the costs of this action and, in view of the exceptional nature of this case, Plaintiff's reasonable attorneys' fees in accordance with § 35 of the Federal Trademark Act, 15 U.S.C. § 1117.

(6) Plaintiff be granted such other, different and additional relief as this Court deems equitable and proper.

Respectfully submitted,

EDEN FOODS, INC.

Date:  February 24, 2020          By:  __/s/ Madeline J. Cohen /s/_____
                                  Madeline J. Cohen (NY Bar No. 5316518)
                                  Wiley Rein LLP
                                  1776 K Street, N.W.
                                  Washington, D.C. 20006
                                  Telephone: (202) 719-7000
                                  Facsimile: (202) 719-7049
                                  Email: mcohen@wiley.law

                                  *Attorney for Eden Foods, Inc.*